## George Strong and Sarah M. Strong v. Mary E. Hart, and F. B. Hart, Successor in Trust.

1. MORTGAGE— *When Equity Will Deny Relief.*—A mortgage is a mere chose in action, and when the powers of a court of equity are called into activity to enforce it, relief will be denied if there are equitable reasons why its power should be withheld, or if in equity and good conscience, the relief asked should not be granted.

Foreclosure.—Trust deed.   Trial in the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.   Decree for complainant; error by defendants.   Heard in the Branch Appellate Court at the October term, 1898.   Reversed and remanded.   Opinion filed May 26, 1899.

WILLIAM F. WIEMERS and ELMER E. WAGNER, attorneys for plaintiffs in error; FREDERICK S. BAKER, of counsel.

H. G. COLSON, attorney for defendant in error.

**Statement of the Case.**—Defendant in error, Mary E. Hart, filed her bill to foreclose a trust deed given by the plaintiffs in error to secure a note for $1,200, executed and delivered by them to one John W. Hart in his lifetime. The complainant, Mary E. Hart, sues as the legal holder and owner of said note.

The defense, as set up by answer and cross-bill, is that the note was originally without consideration, and obtained

by duress; that Mary E. Hart is not the legal holder or owner of the note, but that her possession is fraudulent as against plaintiffs in error.

Briefly stated, the circumstances under which the $1,200 note in controversy was given, are substantially as follows: Plaintiffs in error made an exchange with defendant in error, Mary E. Hart, of an eighty-acre farm for certain real estate, the title to which stood in Mary E. Hart. One condition of the exchange was that plaintiffs in error should pay and obtain the release, within seven weeks, of an incumbrance of $650 upon the farm conveyed by them. This they found themselves unable to do within the time agreed upon, and so informed John W. Hart, requesting further time in which to pay and secure a release of the incumbrance in question. This, it is alleged, Hart refused, and threatened immediate foreclosure of a trust deed given by plaintiffs in error to secure the performance of the agreement to pay said incumbrance of $650. Plaintiff in error, satisfied that such a foreclosure would result in the loss of all his property, then proposed a rescission of the trade and a re-exchange of the respective properties, so as to place all parties in *statu quo*. This Hart refused to consent to unless plaintiffs in error should execute and deliver to him, Hart, for his own use and benefit, the note for $1,200 and the trust deed now in controversy.

Plaintiffs in error allege that, although conscious of the injustice of this proposition, they were compelled to yield to it, the alternative being the loss of all their property and financial ruin. They executed, therefore, and delivered to John W. Hart the note and trust deed now in controversy, and the respective properties were re-conveyed as they stood originally.

This was in January. In June or July following, John W. Hart became seriously ill, and, convinced that he could not recover, sent for Strong, and, it is alleged, said that he did not expect to recover; that he knew he had taken an unfair and unjust advantage in obtaining the $1,200 note and trust deed; that he was anxious to rectify the matter

while he still lived and free his conscience.   He then told Strong, it is claimed, that if he, Strong, would pay the interest coupon for $36, which would be due July 9th, that sum would fully satisfy him for all the trouble and expense to which he had·been subjected, and that he would thereupon release and discharge all claim to the $1,200 note and the trust deed securing the same.   A few days subsequently Strong again called on Hart, paid him the $36, and received receipt as follows:

"Chicago, July 9, 1896.
Received of George Strong thirty-six dollars, it being the interest due on mortgage of $1,200, payable to J. W. Hart.
J. W. Hart.
$36.00."

"Chicago, July 9, 1896.
Received of George Strong, twelve hundred ($1200) dollars in full for a note given Jan. 9, 1896, secured by a mortgage on a farm in Section 12, Town of Wheeling, Cook Co.
John W. Hart.
$1,200."

It is alleged that Hart stated to Strong that the note, coupons and trust deed were in a safety deposit vault; and the receipts were given for that reason, and in full discharge of any claim, Hart stating that he would obtain the papers from the vault and return them to Strong as soon as he could do so.   Hart died soon after, and before the papers were returned to Strong.

Exceptions were filed to the parts of the answer alleging these facts, and were sustained, the Circuit Court expunging all of these matters as impertinent and irrelevant.   A demurrer was sustained also to the cross-bill in like manner. Plaintiffs in error elected to stand on their answer and cross-bill.   A decree was accordingly entered against them.

Mr. Presiding Justice Freeman delivered the opinion of the court.

It is contended that the note secured by the trust deed sought to be foreclosed was without consideration.

In the view we take of the transaction we do not deem it necessary to discuss the questions raised in the briefs as

to the effect of these receipts in connection with what was said and done in releasing or discharging the obligation of the note.

The original exchanges of property were not between the plaintiffs in error and John W. Hart, but Mary E. Hart, his wife. The property conveyed to Strong was conveyed by Mary E. Hart and the property conveyed by Strong was conveyed to her. When the reconveyances were made the parties were put in *statu quo*, each receiving back what they had respectively originally owned. But John W. Hart demanded the execution of this $1,200 note secured by the trust deed for his own use and benefit, as a condition of permitting his wife to reconvey and accept the reconveyance from the Strongs, or of consenting thereto. It appears, therefore, that the note in question was not given to Mary E. Hart as a consideration for rescinding the bargain, but as a donation to John W. Hart, extorted not as a consideration for value received by Strong from Mary E. Hart in making the reconveyance, but as the only alternative to prevent the entire loss of the property. No actual consideration appears to have passed from John W. Hart to the Strongs. The defendant in error, Mary E. Hart, claims to now own the note in question as assignee of her deceased husband. She does not claim that the note was given to him as her agent in consideration of the reconveyances made. Her title comes only through him and the only consideration given by him was his consent, or his withdrawal of opposition, to the re-exchange. He conveyed an inchoate right of dower in one piece of property, but acquired the same right in other property in return. This was not such consideration as the law regards sufficient, under circumstances such as then existed between the parties, for a note of this amount. It is to the credit of Mr. Hart that he himself recognized the lack of consideration, the injustice of attempting to collect the note, and sought to right the wrong while it was still in his power to do so. Of this, the receipt signed by him in person furnishes, in connection with the circumstances,

satisfactory evidence.　That receipt, we think, was intended by Hart to evidence the fact and is an admission by him that the $1,200 note was not justly due him and was without consideration.　Nor does the fact that Mary E. Hart now claims to hold the note and trust deed for a good consideration, and as assignee of her deceased husband, give her any additional right, as the facts now appear.　The note to her husband was given at the time and in connection with the transaction between herself and the Strongs.　It became incumbent upon her to show what right, if any, she has. She is seeking now to foreclose the trust deed.

"The uniform holding in this State is, that a mortgage is a mere chose in action, and when the powers of a court of equity are called into activity to enforce it, relief will be denied if there are equitable reasons why its power should be withheld, or if in equity and good conscience the relief asked should not be granted." Scott v. Magloughlin, 133 Ill. 33.

The judgment of the Circuit Court is reversed and the cause remanded.